# 𝔖taunton

ANN PALMER HAYNES v. BEKINS VAN & STORAGE COMPANY.

September 4, 1970.

Record No. 7117.

Present, All the Justices.

*Thomas P. Mains, Jr.,* for plaintiff in error.

*James C. Gregg,* for defendant in error.

HARMAN, J., delivered the opinion of the court.

Plaintiff, Ann Palmer Haynes (Haynes), brought this action for breach of contract against defendant, Bekins Van & Storage Company (Bekins), alleging that Haynes delivered certain goods, including office furnishings and business files, to Bekins for storage and that Bekins failed to redeliver part of these goods, including some of

her business files, when she requested delivery of these goods approximately 10 months later.

A jury returned a verdict in favor of Haynes against Bekins for $21,500. This verdict was set aside by the trial court on the ground that the evidence was insufficient to support a contract for special packing and handling between Haynes and Bekins. The trial court entered a final judgment for Haynes for $1,776.50 and costs pursuant to the provisions of Code § 8-352. We granted a writ of error to Haynes.

The following is an instruction given by the trial court:

## "INSTRUCTION NO. 4

"THE COURT instructs the jury that if you find from the evidence that the defendant agreed to provide a means of special packing for plaintiff's goods designed to avoid loss or damage thereto, and further agreed to keep plaintiff's goods in such special packing until they had been redelivered, and that such promise on the part of defendant was a material inducement in obtaining plaintiff's business, and you further find that defendant did not abide by such promise, then you are instructed that if you find in favor of the plaintiff upon all the evidence and other instructions of the Court, in determining the damages to which she is entitled, you shall not consider any limitation of defendant's liability as set forth in the printed bill of lading or contract documents, but shall base your verdict upon the full value of plaintiff's loss, if any, as proven by the evidence."

Bekins challenges this instruction not because it improperly sets forth the law of the plaintiff's theory of the case, but on the ground that it was not supported by the evidence.

We, therefore, need consider only Haynes' assignment that the trial court erred in setting aside the verdict of the jury on the ground that the evidence was insufficient to support a contract for special packing and handling.

■■ The evidence in this case presented a typical question for decision by a jury. When such conflicts are settled by a jury's verdict, the court should not set aside the verdict for the reason that it might, sitting as a juror, have reached a different conclusion. This ought only to be done where the evidence is clearly insufficient to support a different conclusion. *Provident Life and Acc. Ins. Co.* v. *Walker*, 190 Va. 1016, 59 S.E.2d 126 (1950), *Stallard* v. *Atlantic*

*Greyhound Lines,* 169 Va. 223, 192 S.E. 800 (1937).

In its pleadings and at trial Bekins conceded that the lost goods had been delivered to it for storage and that it had failed to redeliver them to Haynes. It admitted that it was liable to Haynes for failure to return the lost goods but sought to limit the amount of Haynes' recovery because of provisions contained in a warehouse receipt and other documents which it introduced in evidence.

Haynes' testimony, however, discloses that there was an oral agreement with Bekins' agent that Haynes' goods would be placed in sealed pallets or vaults at her office; that the goods would be transported and stored in those sealed pallets or vaults; and the goods would be returned to her in those sealed pallets or vaults upon request. She also testified that this promise of special packing and handling was the reason that she chose Bekins over other firms with whom she had negotiated for storage of her goods.

This oral agreement for special packing and handling was confirmed by a letter from Haynes to Bekins which was written by Haynes and mailed to Bekins approximately one week prior to the date the goods were actually received by it.

Haynes' uncontroverted evidence also shows that the goods which were actually redelivered by Bekins to Haynes were not returned in the sealed pallets or vaults but were "loose" in a truck or van. From this evidence the jury could reasonably infer that Bekins failed to store Haynes' goods in the sealed pallets or vaults as required by the oral agreement.

Bekins argues that the trial court should not have admitted this evidence and that we should not consider it under the parol evidence rule.

Bekins, however, did not assign cross error to the courts ruling in admitting this evidence. The ruling has, therefore, become final, and the question of its correctness is not before us. *Kroger Co.* v. *Young,* 210 Va. 564, 172 S.E.2d 720 (1970).

Accordingly, we hold that the evidence is sufficient to sustain the jury's verdict.

The verdict for Haynes, the plaintiff, in the amount of $21,500, will be reinstated and judgment is now entered thereon in favor of plaintiff against the defendant, Bekins. All proceedings subsequent to the jury's verdict are annulled. *Walrod* v. *Matthews,* 210 Va. 382, 171 S.E.2d 180 (1969).

*Reversed and final judgment.*